BRUNDAGE v. MARSHALL.

(Supreme Court, Appellate Term. March 21, 1912.)

1. DEPOSITIONS (§ 37*)—APPLICATION FOR COMMISSION.

Where defendant's affidavit in support of her motion for a commission to take the testimony of a witness stated that she had been unable to locate the witness until that very day, and it did not appear that the application was made in bad faith for delay, and an adequate bond was given to secure the plaintiff's possible recovery, it was error to deny the motion and to vacate a stay of the trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 52; Dec. Dig. § 37.*]

2. DEPOSITIONS (§ 37*)—APPLICATION FOR COMMISSION.

It was not a sufficient ground for denying an application for a commission to take the testimony of a witness before trial that the testimony was sought to prove facts defectively pleaded in the answer.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 52; Dec. Dig. § 37.*]

Appeal from City Court of New York, Special Term.

Action by James T. Brundage against Katie M. H. Marshall. From an order denying defendant's motion for a commission to take testimony of a witness and vacating a stay of trial, defendant appeals. Reversed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Edward A. Sumner, for appellant.

Heyn & Covington (Chester T. Krouse, of counsel), for respondent.

BIJUR, J. The action is for rent due on the 1st days of February to September, 1911, inclusive, aggregating $1,000. The allegations of the answer, which the witness' testimony is expected to support (folios 17 and 18) are the fourth, fifth, seventh, eighth, and the whole counterclaim. The fourth alleges that plaintiff has refused to perform covenants of the lease by him to be performed. The fifth denies that defendant has failed to pay the rent, and alleges that, "if she has," she did it for good cause. The seventh and eighth allege that she stored some of her property in the storeroom of plaintiff's apartment house, and that it was lost through plaintiff's negligence. The counterclaim is for the loss of these goods.

[1] Plaintiff seems to rely upon two contentions, namely, that the application is not made in good faith and solely for the purpose of delay, and that the answer and counterclaim are insufficient in law and not maintainable, respectively. I do not think that the bad faith

of the defendant so clearly appears, and in that regard the giving of the bond hereinafter referred to must be taken into consideration.

[2] In respect of the merit of the answer, it suffices to say that many of the objections urged by plaintiff are such as should have been presented by demurrer, and in any event they are not such as should be held determinative of this application in the present stage of the litigation. From the affidavit in opposition, verified November 14, 1911, it appears that the case, having been noticed in October for the short cause calendar, was, at the time of the motion, actually marked ready at the Trial Term, and that applications for adjournment for alleged absence of witnesses had been denied. Defendant, on the other hand, swears that she had been unable to locate this witness, who lives in Greene county, until the very day on which she made the application for the commission. Pending the appeal, the stay in the original order to show cause has been continued by this court upon defendant's giving an adequate bond to secure plaintiff's possible recovery.

Under the circumstances, it seems but proper that the order denying the motion for a commission and dissolving the stay should be reversed, and the commission granted, upon the giving and continued effectiveness of the bond, with leave to plaintiff to apply for such relief as he may be advised, if the execution of the commission be not proceeded with promptly by the defendant, and with $10 costs of the motion to plaintiff. No costs of appeal. All concur.